ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JEFFREY A. BACKHUS (CABN 200177)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5080
   FAX: (408) 535-5066
   jeffrey.backhuus@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 21-00023 EJD |
|    Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Date: July 11, 2023 |
| JIMMY DIJOSE LOPEZ, SR., | Time: 2:00 p.m. |
|    Defendant. | |

     Plaintiff United States of America, by and through its undersigned counsel, hereby submits its position regarding the sentencing of the defendant, Jimmy Dijose LOPEZ, Sr. ("LOPEZ"). The government's position is based on its investigation, the Pre-Plea Presentence Report (PSR), the files and records of this case, and any arguments to be presented at the sentencing hearing. As the Court is aware, LOPEZ entered the CAP program over the objections of the government. For the reasons detailed below, the government recommends a total sentence of 60 months of imprisonment, three years of supervised release, and a $100 special assessment fee, which is sufficient, but not greater than necessary, to meet the goals of sentencing expressed in 18 U.S.C. § 3553(a). The sentence recommended by the government is a departure from the Guidelines.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case is the result of an investigation by a Santa Clara County drug task force led by the FBI with the assistance of the Santa Clara County Sheriff's Office. On four separate occasions, a Cooperating Witness (CW) negotiated the purchase of methamphetamine, and did purchase methamphetamine, from LOPEZ, including three occasions involving source of supply Jose OCHOA, a suspected member of the Michoacán Family drug cartel. When LOPEZ met the CW, LOPEZ told the CW that he had known OCHOA for some time and that OCHOA sells kilogram quantities of methamphetamine on short notice to buyers, including gang members, in the Santa Clara County area. Toll records also showed repeated telephone contacts during the conspiracy between LOPEZ and OCHOA, using various phone numbers (hundreds of contacts using nine different phone numbers). After the third drug buy, drug task force officers executed a state search warrant of OCHOA's residence and seized more drugs, including over twelve pounds of methamphetamine, heroin, and cocaine. After OCHOA was arrested by Santa Clara County, the CW arranged the fourth purchase of methamphetamine from LOPEZ, who used a new source of supply who LOPEZ referred to as a "family friend" in Michoacan. The purchases by the CW are summarized as follows:

| Date | Drug Amount | Defendants |
|---|---|---|
| 2018-11-14 | 972.7 grams of meth (actual) | LOPEZ, OCHOA |
| 2018-12-20 | 995.2 grams of meth (actual) | LOPEZ, OCHOA |
| 2019-07-15 | 997.1 grams of meth (actual) | LOPEZ, OCHOA |
| 2019-07-23 | 12 pounds of meth<br>793 grams of heroin<br>36 grams of cocaine | OCHOA |
| 2019-12-17 | 484.7 grams of meth (actual) | LOPEZ |

## II.   SENTENCING RECOMMENDATION

With an adjusted offense level of 29 and a Criminal History Category of I, LOPEZ's resulting guidelines range is 87-108 months. The government believes that a sentence of 60 months of imprisonment, three years of supervised release, and a $100 special assessment fee meets the goals of sentencing expressed in 18 U.S.C. § 3553(a). Among the many factors to consider are the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment,

provide adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a)(1)-(2). The government's recommended sentence serves each of these goals.

According to law enforcement sources, LOPEZ is a suspected Norteño Varrio Meadow fair gang member. In addition, after OCHOA was arrested (with over 12 pounds of meth and other controlled substances), LOPEZ directly sold the CW a significant quantity of methamphetamine that a "family friend" in Michoacan. Since OCHOA was a suspected member of the Michoacán Family drug cartel, it is likely that LOPEZ had ties to the organization as well that allowed him to obtain the methamphetamine. LOPEZ was involved in four controlled buys involving approximately 3.5 kilograms of methamphetamine with a single CW that took place over the course of more than a year. It also appears that LOPEZ's involvement with OCHOA spanned a longer period that that. LOPEZ told the CW that he had known OCHOA for some time and that OCHOA sells kilogram quantities of methamphetamine on short notice to buyers, including gang members, in the Santa Clara County area. Toll records also showed repeated telephone contacts during the conspiracy between LOPEZ and OCHOA, using various phone numbers (hundreds of contacts using nine different phone numbers).

The requested sentence also considers LOPEZ's lengthy history of drug addiction. The government hopes that a 60-month sentence will deter him from engaging in future criminal conduct and give him the opportunity to address his substance abuse issues.

### III.  CONCLUSION

For the reasons set forth above, the government's recommended sentence reflects the seriousness of LOPEZ's criminal conduct and provides a significant deterrent to any future attempts to violate the

///
///
///
///
///
///
///

1 | law.  The government's recommended sentence is sufficient, but not greater than necessary, to achieve
2 | the statutory purposes of sentencing, including deterrence, protection of the public, and rehabilitation.

DATED: July 10, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

/s/
_____
JEFFREY A. BACKHUS
Assistant United States Attorney